# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES A. LOVE,
      Plaintiff,

v.                                      Case No. 20-C-525

DEANA OSWALD and
AMY EPPING,
      Defendants.

## DECISION AND ORDER

The plaintiff, James A. Love, an inmate at Racine Correctional Institution, alleges claims under 42 U.S.C. § 1983 against Nurse Amy Epping and Sergeant Deana Oswald. He alleges that he suffers from a traumatic brain injury and a concussion, and that he must use a wheelchair to travel long distances. *Id.* He contends that the defendants delayed providing him a wheelchair and that, on March 5, 2020, the lack of a wheelchair caused him to fall and injure himself. *Id.* He states that two weeks later, after he had received the wheelchair, the defendants took it from him. *Id.* When I screened the complaint, I allowed the plaintiff to proceed on claims that the defendants were deliberately indifferent to his serious medical needs.

The defendants now move for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies before filing suit. Under the Prison Litigation Reform Act ("PLRA"), an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v.*

*McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). But a prisoner is not required to exhaust his administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. *See Pavey v. Conley*, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

Wisconsin has established an Inmate Complaint Review System ("ICRS") to allow inmates to file complaints about the policies, rules, living conditions, and staff actions at their institutions. *See* Wis. Admin. Code § DOC 310.06. In their motion for summary judgment, the defendants contend that Love never filed an inmate complaint using the ICRS, and that therefore he has failed to exhaust the administrative remedies available to him. In support of their motion, they submit a declaration from a Department of Corrections employee who states that she reviewed the department's records and could not find any inmate complaint filed by Love.

In response to the defendants' motion, the plaintiff filed an affidavit in which he states that he filed several inmate complaints, including at least one about his missing wheelchair. He attaches what appear to be copies of those complaints to the affidavit. One complaint, which Love signed on February 5, 2020 and which the institution received on February 7, 2020, complains that Nurse "Eppie" was not properly treating his injury and that "staff" took his wheelchair. Another complaint, signed on April 10, 2020 and received on April 14, 2020, mentions Sergeant Oswald and the plaintiff's medical issues.

2

The plaintiff also attached correspondence he received from the inmate-complaint examiner's office regarding these complaints. The correspondence indicates that the examiner returned each of Love's inmate complaints without filing them because the examiner believed that Love had failed to follow various administrative rules governing the grievance process.

In his affidavit, the plaintiff states that "do to my ability that I cant read and need help this is my ICE and this is what they told me but I did my best with no help and they don't help me." ECF No. 26 at 1.

After receiving the plaintiff's affidavit, Magistrate Judge Nancy Joseph ordered the defendants to file a reply brief in response to the plaintiff's "affidavit and attachments." *See* Text Only Order of Nov. 18, 2020. The defendants then filed a short reply, in which they stated as follows:

> Love's affidavit in response does not cite to any law or provide any documented evidence of previously submitted inmate complaints or Inmate Complaint Examiner correspondence to refute the Defendants' arguments that he failed to exhaust his administrative remedies. Instead, Love relies on unsubstantiated claims of previously submitted inmate complaints that he had failed to produce, in violation of Rule 1002 of the Federal Rules of Evidence.

ECF No. 29. The defendants then reiterate their belief that Love never filed any inmate complaints.

As discussed above, and contrary to the defendants' reply brief, the plaintiff's affidavit includes copies of previously submitted inmate complaints and Inmate Complaint Examiner correspondence. Thus, the defendants' claim that the plaintiff did not provide documentation to substantiate his assertions and their citation to Federal Rule of Evidence 1002—the best-evidence rule—are mysterious. The plaintiff did not rely on his testimony alone to prove the contents of the writings; instead, he produced the writings

3

themselves. In fact, he mailed the original writings to the court, and they are in the court's file. What appears on the electronic-filing system are digital scans of the originals. Perhaps the defendants did not realize that the court was in possession of the originals, but even so, photocopies are admissible under Federal Rule of Evidence 1003 unless their authenticity is disputed or circumstances make it unfair to admit a duplicate. I do not understand the defendants to be disputing the authenticity of the electronically filed materials or to be claiming that it would be unfair to consider them.

In any event, the plaintiff's affidavit and its attachments show that the plaintiff submitted inmate complaints about the issues he raises in this suit. Although the inmate-complaint examiner rejected each complaint for multiple technical reasons, the defendants have made no effort to show that the complaints were properly rejected. Instead, they stand on their position that the plaintiff never submitted any inmate complaints. Thus, the defendants have failed to carry their burden to show that the plaintiff failed to exhaust his administrative remedies.

Moreover, even if the defendants had shown that the complaints were properly rejected, I could not find that the grievance process was truly "available" to the plaintiff within the meaning of 42 U.S.C. § 1997e(a). The plaintiff suffers from a brain injury, and he claims to be illiterate. The plaintiff evidently has at least some ability to read and write, as he has been able to file his pleadings and other papers with the court. But the plaintiff states in his affidavit that he can read only if he receives assistance, and that "they" (meaning staff at the prison) do not provide him with assistance. ECF No. 26 at 1. In their reply, the defendants do not attempt to show that the plaintiff was provided with assistance when he prepared his inmate complaints or that he was able to comprehend

4

the technical rules governing the ICRS and the advice communicated by the inmate-complaint examiner in her letters. Thus, I find a genuine issue of fact concerning whether the ICRS was available to the plaintiff. *See Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018) ("[I]f a prison had a procedure whereby written grievance forms were provided to all inmates and they were required to fill them out without any assistance from others, that procedure might render the grievance remedy available for the majority of inmates, but the same procedure could render it unavailable for a subset of inmates such as those who are illiterate or blind, for whom either assistance or a form in braille would be necessary to allow them to file a grievance.").

For the reasons stated, **IT IS ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 19) is **DENIED**.

Dated in Milwaukee, Wisconsin, this 14th day of December, 2020.

       s/Lynn Adelman_____
       LYNN ADELMAN
       United States District Judge